## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWNA BEARD, | : | CIVIL ACTION NO. 1:24-CV-1176 |
| | : | |
| Plaintiff | : | (Judge Neary) |
| | : | |
| v. | : | |
| | : | |
| WHITE DEER RUN, LLC, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM

This matter comes before the court upon the Report and Recommendation

("R&R") (Doc. 56) of Magistrate Judge Martin C. Carlson, wherein Judge Carlson

recommends that the court dismiss without prejudice *pro se* defendant Shawna

Beard's amended complaint (Doc. 46). In response to Judge Carlson's R&R, rather

than file specific objections, Beard filed another amended complaint. (Doc. 57).

When reviewing an R&R from a magistrate judge, this court is to give *de*

*novo* review of the contested portions of the report and afford "reasoned

consideration" to the uncontested portions of the report. See E.E.O.C. v. City of

Long Branch, 866 F.3d 93, 99-100 (3d Cir. 2017) (citations omitted).

To begin, Beard offered no defense of her second amended complaint which

Judge Carlson recommended the court dismiss. Instead, she simply filed yet

another amended complaint. (Doc. 57). Given her apparent non-objection to Judge

Carlson's recommendation of dismissal, and giving reasoned consideration to his

recommendation, the court finds dismissal of the second amended complaint was

warranted for the reasons given by Judge Carlson. Thus, the court will adopt that part of his R&R.

In the interests of judicial economy, the court will now consider Beard's latest complaint. This is the fourth complaint filed by Beard in this case. Judge Carlson has repeatedly explained the issues with Beard's filings. (See Docs. 35, 45, 56). Despite these explanations and instructions, Beard's latest complaint still fails to assert any claims against defendant White Deer Run.

As an initial matter, Beard failed to attach her EEOC charge to her latest complaint. Without a prior EEOC charge, a plaintiff cannot maintain a Title VII suit. 42 U.S.C. 2000e-5(f)(1). This is what is known as administrative exhaustion. It does not, as Beard appears to believe, refer to her attempts to bring a lawsuit with counsel or attempt to work out the issues with White Deer Run. (Doc. 62 at ECF 1). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). Critically, this means a plaintiff can only bring a lawsuit about discriminatory acts contained in the original charge or acts fairly within the scope of a reasonable investigation arising from the initial charge. Simko v. United States Steel Corp., 992 F.3d 198, 208-09 (3d Cir. 2021).

It is true that Beard did include her charge of discrimination with her original complaint. (Doc. 1-1). Accordingly, on the basis of her *pro se* status, the court will still consider that initial charge.

2

Notably, Beard's charge is rather short. She states that "[o]n or about November 2023, I began to experience acts of unfair treatment, and I was subjected to different terms and conditions that [sic] my non-black counterparts." (Id.). She then reported this to human resources and was told to "keep [her] head down because nothing was going to change." (Id.). Beard continues, "[i]t appeared to me that I was being sabotaged and setup by upper management to fail at my job responsibilities by not being provided with the necessary tools to perform my duties." (Id.). That marks the end of her substantive allegations. Though she says she faced retaliation, she does not explain how she was punished or what specifically she did to earn retaliation. Moreover, her charge, filed in April 2024, stated the discriminatory acts occurred only in November 2023. (Id.).

Beard never describes the specific discriminatory acts that occurred in November 2023—not in her EEOC charge, (Doc. 1-1), not in her amended complaint, (Doc. 57), nor in her letter (Doc. 58) to the court filed with her latest proposed amended complaint. Additionally, given that Beard filed her charge in April 2024, the court concludes no reasonable investigation would uncover events which occurred from December 2023 to April 2024. If Beard faced additional discrimination during that time, then she should have included that information in her original charge. Instead, Beard's original charge complained only of some non-specific events which occurred in November 2023. In multiple filings with the court, she has failed to elaborate on what those events were. Again, the purpose of the exhaustion requirement is for the EEOC to work with employees and employers to

*avoid* lawsuits. Here, there is little in Beard's charge for any investigator—or White Deer Run—to work with to try to respond to Beard's concerns.

Beard could very well have faced racial discrimination in her employment with White Deer Run. But the law requires her to specifically describe the discriminatory acts she faced, first through an EEOC charge and then, if necessary, through a complaint filed in court. Those specifics are lacking in this case. Because the original charge itself is devoid of any specific facts to establish discrimination, and because "the original charge is the touchstone of [the] exhaustion analysis," Simko, 922 F.3d at 210 (citing Antol, 82 F.3d at 1296), the court concludes Beard's latest complaint fails to state a claim and allowing any further amended would be futile. Therefore, Beard's complaint will be dismissed with prejudice, and this case will be closed.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

March 16th, 2026